IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-645-BO

| | |
|---|---|
| TONYA B. HAWLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | ORDER |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on October 30, 2013, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed for both DIB and SSI alleging disability since October 1, 2001. Plaintiff's claims were denied initially and on reconsideration. After conducting a hearing[1] and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled in a decision issued on April 15, 2011. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review, and plaintiff then timely sought review

---

[1] At the hearing before the ALJ, plaintiff amended her alleged onset date to May 30, 2008.

of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and that she had not engaged in any substantial gainful activity since her amended alleged onset date at step one, the ALJ determined that plaintiff had the following severe impairments: residuals from cervical spine fusion,

2

degenerative disk disease of the lumbosacral spine, fibromyalgia, a history of cubital tunnel syndrome, anxiety, and dysthymia. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had the residual functional capacity (RFC) to perform light work with manipulative and mental restrictions. At step four, the ALJ found that plaintiff could not perform her past relevant work, and found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled through the date of his decision.

The ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). In determining plaintiff's RFC, the ALJ considered the opinions of several of plaintiff's physicians, as well as the opinion of a consultative examiner. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p. An ALJ must provide specific reasons for the weight given to a treating physician's opinion. *Id.* "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

Plaintiff's hand specialist, Dr. Messer, provided a treating source statement in March 2007, one year before plaintiff's amended alleged onset date. In that statement, Dr. Messer opined that, seven weeks following a right ulnar nerve transposition, plaintiff could return to light work but

3

could not lift more than ten pounds. Tr. 370. The ALJ rejected this treating opinion as to plaintiff's lifting restriction because it was given prior to plaintiff's amended alleged onset date. However, as the ALJ found in his severe impairment analysis, plaintiff continued to suffer from some effects of cubital tunnel syndrome, and the ALJ pointed to no evidence in the record indicating that Dr. Messer's lifting restriction was no longer applicable when he summarily rejected it.

The ALJ further elected to give only some weight the opinion of the consultative examiner, "[s]ince the assessment does not address the claimant's ability to lift/carry weights". Tr. 30. Though the Commissioner now argues that only some weight was given because the ALJ could not afford full weight to a treating source opinion that did not address every exertional (or non-exertional) limitation, post-hoc rationalization may not form the basis upon which this Court can find that the ALJ's conclusion is supported by substantial evidence. *See Secs. & Exch. Comm'n v. Chenery,* 332 U.S. 194, 196 (1947) ("[A] reviewing court ... must judge the propriety of [agency] action solely on the grounds invoked by the agency."). Moreover, the consultative examiner's opinion as to plaintiff's manipulative limitations is unclear at best. The opinion states that "[t]here are no manipulative limitations on reaching, handling, feeling, grasping, and fingering frequently limited by [plaintiff's] neck pain and upper extremity weakness." Tr. 228. Again, though the Commissioner would have the Court interpret such opinion to mean that plaintiff could engage in manipulations frequently, it is the province of the ALJ to consider such statement and to explain fully his reasons for attributing particular meaning and weight to it.

The explanation provided in support of the ALJ's decision to reject the above opinions of plaintiff's physicians was inadequate. Accordingly, substantial evidence does not support the ALJ's decision to decline to afford controlling weight to plaintiff's treating physicians opinion

4

regarding plaintiff's lifting abilities. Additionally, the opinion of the consultative examiner is unclear, as is the ALJ's treatment of such opinion. Remand on these grounds is therefore warranted; because remand is warranted on these grounds alone, the Court declines to consider plaintiff's remaining arguments.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 23] is GRANTED and defendant's motion for judgment on the pleadings [DE 25] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _14_ day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5