IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-645-BO

| | |
|---|---|
| TONYA HAWLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's Motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), to which the government has responded. [DE 36, 37]. For the reasons discussed below, plaintiff's motion is GRANTED.

## BACKGROUND

Ms. Hawley sought appellate review of the Commissioner's decision before this Court on October 2, 2012. After a hearing on October 30, 2013, the Court granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings. [DE 32]. On December 9, 2013, the Court awarded plaintiff $3,515.00 in attorney's fees. [DE 35]. Upon remand, a fully favorable decision was issued by the ALJ. [DE 36–1]. On February 8, 2015, the Social Security Administration issued a notice explaining that it was withholding $26,226.23 for attorney's fees, representing 25% of plaintiff's accrued back benefits. [DE 36–2]. Plaintiff now seeks an award of attorney's fees in the amount of $12,000.00, pursuant to 42 U.S.C. § 406(b), as a more reasonable fee in light of the time expended on the case. [DE 36]. Defendant neither opposes nor supports plaintiff's request. [DE 37].

1

## DISCUSSION

The key question for the Court in awarding attorney's fees is whether the fee is reasonable in light of the circumstances of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). Under 42 U.S.C. § 406(b), attorney's fees are paid from past-due benefits awarded to the claimant. 42 U.S.C. § 406(b). An attorney may not recover more than 25% of the past-due benefits pursuant to a contingency-fee arrangement. § 406(b)(1)(A). A reduction in a contingent fee may be appropriate when the fee is disproportionate to "the character of the representation and the results . . . achieved," counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 418 F.3d at 428. The Fourth Circuit Court of Appeals has directed district courts to consider, *inter alia*, the complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, the significance of the result achieved in district court when analyzing whether a contingency-fee arrangement is reasonable. *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)

Counsel's requested fee award constitutes approximately 12% of plaintiff's accrued back benefits. Accordingly, the requested fee does not represent the maximum fee award possible. While the Court is mindful that it may only award attorney's fees for representation in court or for court related work, the level of work required at the agency level demonstrates that this was a complicated case requiring a skilled lawyer. *See id.* (noting that the time spent and work performed by counsel on the case at the agency level could be a factor in the reasonableness inquiry). Counsel had multiple hearings in front of an ALJ. Moreover, when looking at the ultimate result here, which was a fully favorable decision, it is clear that counsel's success in the district court led to a significant result for plaintiff. Additionally, none of the *Gisbrecht* factors

2

are present in this case. As discussed above, the contingent fee is not out of line with the representation and results. Counsel did not delay in this case nor does the contingent fee represent a windfall in comparison with the amount of time counsel spent on the case.

Accordingly, the Court finds that the requested fee is reasonable and grants plaintiff's motion. The Commissioner of Social Security is directed to pay the sum of $12,000.00 for attorney's fees from plaintiff's back benefits pursuant to 42 U.S.C. § 406(b). Upon receipt of the § 406(b) fee, plaintiff's counsel is directed to reimburse the EAJA fee of $3,515.00.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is GRANTED, and the Commissioner of Social Security is directed to pay the sum of $12,000.00 for attorney's fees, after which plaintiff's counsel will reimburse plaintiff for the EAJA fee of $3,515.00

SO ORDERED, this 23 day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3